CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

6/20/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| JAMAR ANTWAUN GLADDEN, | ) | |
|     Plaintiff, | ) | Case No. 3:19-cv-00009 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| R.A. OBERHOLZER, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) |        United States Magistrate Judge |

Plaintiff Jamar Gladden, appearing pro se and proceeding *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, alleging that Defendant R.A. Oberholzer, a police officer for the City of Charlottesville, used excessive force against Gladden during a traffic stop on July 29, 2015. *See* Compl. 4, ECF No. 2; Pl.'s Definite Stmt. 1–2, ECF No. 11. Oberholzer filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 12, which has been fully briefed and argued, ECF Nos. 19, 21. Having considered the parties' arguments and the applicable law, I respectfully recommend that the presiding District Judge grant Oberholzer's motion and dismiss the action with prejudice.

I. Standard of Review

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To survive under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety,"[1] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "accepting as true all well-pleaded allegations . . . and drawing all reasonable factual inferences in the plaintiff's favor," *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016). Because Gladden is a lay person representing himself, he also enjoys "the benefit of a liberally construed complaint," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), that "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, Gladden's pro se status does not exempt him from basic procedural rules and pleading standards. *Beaudett*, 775 F.2d at 1278. "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And, just as "'courts cannot be expected to construct full blown claims out of sentence fragments'" when construing a pro se plaintiff's complaint, they also "recognize that a plaintiff can plead himself out of court by [alleging] facts that show he has no legal claim." *Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 594–95 (E.D. Va. 2013) (quoting *Beaudett*, 775 F.2d at 1278) (other quotations marks omitted).

## II. Background

---

[1] The "Complaint" in this case consists of Gladden's initial form complaint, ECF No. 2, and his response to the presiding District Judge's order granting Oberholzer's earlier motion for a more definite statement, ECF No. 11. *See Foreman v. Griffith*, 81 F. App'x 432, 434 n.1 (4th Cir. 2003) (per curiam) (analyzing plaintiff's "complaint, amended complaint, and [court-ordered] more definite statement collectively as 'the Complaint'" in reviewing district court's order granting Rule 12(b)(6) motion to dismiss). Gladden's form complaint described his claim for relief against Oberholzer in a single sentence: "I was assaulted by Defendant where I was choked, kicked, verbally assaulted while with children." Compl. 4. His more definite statement provides "the time, date, and place of the alleged assault," plus a few well-pleaded facts describing the traffic stop. Order of Mar. 12, 2019, at 1, ECF No. 10; *see* Pl.'s Definite Stmt. 1–2. I have also taken judicial notice of ascertainable facts in the certified copies of two Virginia misdemeanor arrests warrants attached as Exhibits to Oberholzer's reply brief, ECF Nos. 21-1, 21-2, because Gladden does not dispute their authenticity, *Witthon v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per cuiram).

According to Gladden's pleadings, he encountered Officer Oberholzer during a traffic stop in Charlottesville on July 29, 2015. Pl.'s Definite Stmt 1. Oberholzer asked Gladden to step out of the car, put his cigarette on the trunk, and turn around with his back to the officer. *Id.* Gladden complied. Instead of restraining Gladden's wrists, however, Oberholzer "grabbed [him] around the neck with his forearm in a 'choke hold' fashion" and "used his body weight to throw" Gladden to the ground. *Id.* at 1–2. Oberholzer kept choking Gladden and holding him down while unknown "detectives kicked, punched[,] and struck" him. *Id.* at 2. On February 6, 2019, Gladden filed a one-count complaint alleging that Oberholzer violated his Fourth and Fourteenth Amendment rights.[2] Compl. 3–4. Gladden claims that he suffered a broken tooth, at least one cut requiring stitches, and a dislocated shoulder. He seeks $2.5 million and a public apology. *Id.*

Oberholzer moved to dismiss the action under Rule 12(b)(6), arguing that the date of the incident alleged in Gladden's more definite statement (July 29, 2015) shows that his excessive-force claim is barred by Virginia's two-year statute of limitations. Def.'s Br. in Supp. 2–3, ECF No. 13. He recognizes that a Rule 12(b)(6) motion "generally cannot reach the merits of an affirmative defense . . . that the plaintiff's claim is time-barred," *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc), but urges that Gladden's "Complaint as expanded by his 'Definite Statement'" clearly shows that his claim is time-barred, Def.'s Br. in Supp. 2. *See Goodman*, 494 F.3d at 464 ("in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a [Rule 12(b)(6)] motion to dismiss"). Oberholzer bears the burden to prove that "all facts necessary to

---

[2] "A free citizen's [§ 1983] claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person" should be "analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a [Fourteenth Amendment] substantive due process standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, I read Gladden's complaint as presenting a single excessive-force claim under § 1983. *See Jack v. Wojcik*, No. 3:00cv674, 2001 WL 34047421, at *1–2 (Dec. 11, 2001), *aff'd* 33 F. App'x 110 (4th Cir. 2002).

the time bar . . . clearly appear 'on the face of the complaint.'" *Fed. Nat'l Mtg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 545 (M.D.N.C. 2015) (quoting *Goodman*, 494 F.3d at 464).

Additionally, Oberholzer correctly notes that in early November 2016, Gladden filed a nearly identical pro se § 1983 complaint against Oberholzer and other officers who were allegedly involved in this arrest. Def.'s Br. in Supp. 3 n.1 (citing Compl., ECF No. 1, *Gladden v. Charlottesville Police Dep't* ("*Gladden I*"), No. 7:16cv519 (W.D. Va. Nov. 4, 2016)). In December 2017, Gladden informed the Court that he had been released from the Albemarle-Charlottesville Regional Jail and could be reached by mail at a street address in Richmond, Virginia. *Gladden I*, Notice of Dec. 14, 2017, ECF No. 52. The Court promptly entered an Order directing him to pay the $400 filing fee by January 2, 2018. *See Gladden I*, Order of Dec. 14, 2017, ECF No. 53. Gladden was warned that his failure "to pay the fee in full or otherwise respond within the time allowed . . . shall result in the immediate dismissal of th[e] action without prejudice." *Id.*

On January 5, 2018, the Court dismissed *Gladden I* without prejudice because it had not received any response from Gladden. Mem. Op. of Jan. 5, 2018, at 1, ECF No. 54. The Court advised, "Plaintiff may refile the claims in a separate action once plaintiff is prepared to comply with the noted conditions." *Id.* Gladden cites that statement to explain why this action should not be dismissed as time-barred. *See* Pl.'s Br. in Opp'n 1, 2–3, ECF No. 19. Oberholzer replies that Gladden waited too long to refile his claim, Def.'s Reply Br. in Supp. 1–2 (citing Va. Code § 8.01-229(E)(1), (K)), and that Gladden cannot rely on Virginia's equitable tolling principles because he does not "allege that he was misled to his injury by the defendant in a way that

prevented timely filing," *id.* at 3. On June 17, 2019, I held a hearing at which both parties appeared in person.

III. Analysis

Section 1983 provides a federal cause of action "for vindicating federal rights elsewhere conferred." *Graham*, 490 U.S. at 394 (quotation marks omitted). This section does not include any fixed timing rules. *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). "Instead, Congress specified that gaps in § 1983 'should be filled by state law, as long as that law is not inconsistent with federal law.'" *Id.* at 712–13 (quoting *Hardin v. Straub*, 490 U.S. 536, 538 (1989)). Thus, "in several respects relevant here federal law looks to the law of the State in which the cause of action arose," *Wallace v. Kato*, 549 U.S. 384, 387 (2007), including its general limitations period for filing personal-injury actions, *Owens v. Okure*, 488 U.S. 235, 250 (1989). Federal courts will also apply that State's tolling rules "unless doing so 'defeats either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity or federalism.'" *Battle*, 912 F.3d at 713 (quoting *Hardin*, 490 U.S. at 539 (brackets omitted)).

In Virginia, a civil "action for personal injuries . . . [must] be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); *see Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). A cause of action under § 1983 "accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action," *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc), so that he "can file suit and obtain relief," *Wallace*, 549 U.S. at 388. In this case, Gladden knew about his injury, and could obtain relief against Oberholzer under § 1983, when the officer detained him on July 29, 2015. *See Smith v. McCarthy*, 349 F. App'x 851, 857 (4th Cir. 2009)

5

(per curiam); *Harrison v. Prince William Cty. Police Dep't*, 640 F. Supp. 2d 688, 697, 700–01 (E.D. Va. 2009). Thus, he initially had until July 29, 2017, to file his excessive-force claim.

Oberholzer asserts that Gladden's limitations clock was tolled, or suspended, twice during the initial two-year period.[3] Def.'s Reply Br. in Supp. 1–2 (citing Va. Code § 8.01-229(E)(1), (K)). On July 30, 2015, Officer Oberholzer obtained an arrest warrant against Gladden for driving with a suspended license and obstructing a law-enforcement officer in performance of his official duties, a misdemeanor offense. *See* Def.'s Reply Br. in Supp. Exs. 1, 2. He asserts that this "criminal prosecution [arose] out of the same facts," Va. Code § 8.01-229(K), that gave rise to Gladden's excessive-force claim against him, *see* Def.'s Reply Br. in Supp. 2, an assertion Gladden does not dispute Virginia Code § 8.01-229(K) provides in relevant part:

> In any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such civil action may be brought. For purposes of this subsection, the time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant . . . until the date of the final judgment or order in the trial court . . . . Thereafter, the civil action may be brought within the remaining period of the statute or within one year, whichever is longer.

The warrant for Gladden's arrest was issued on July 30 and was *nolle prossed* by the state trial court on September 10, 2015. *See* Def.'s Reply Br. in Supp., Exs. 1, 2. Thus, from July 30 to September 10, 2015, the statute of limitations on Gladden's excessive force claim was tolled. The state trial court's order restarted Gladden's two-year clock where it left off—with nearly the full limitations period remaining.

---

[3] "Tolled" in this context "means that the limitations period is suspended (stops running) while the claim is *sub judice* . . . then starts running again when the tolling period ends, picking up where it left off." *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 601 (2018). "[T]he time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n. 2 (1991).

6

About thirteen months later, on November 4, 2016, Gladden, while detained at the Charlottesville-Albemarle Regional Jail, filed his first § 1983 action raising the same excessive-force claim. *Gladden I*, Compl. Envelope, ECF No. 1-1; *see Byrd v. Rivera*, Civ. Action No. 4:10-1632, 2011 WL 3794277, at *1 (D.S.C. Aug. 25, 2011) (postmark is evidence of date of mailing in applying the prison mailbox rule). Oberholzer contends that Gladden's two-year limitations period was suspended again while this action was pending, this time under Va. Code § 8.01-229(E)(1), which provides in relevant part:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within such action may be brought, and another action may be brought within the remaining period.

On January 5, 2018, the Court dismissed that action without prejudice because Gladden failed to pay the $400 filing fee in full, or otherwise respond to the Court's orders, after he was released from jail. *Gladden I*, Mem. Op. of Jan 5, 2018, at 1; *see* Order of Dec. 14, 2017, at 1. Gladden was advised that he "may refile the claims in a separate action once [he] is prepared to comply with the noted conditions." *Gladden I*, Mem. Op. of Jan. 5, 2018, at 1. More than thirteen months later, Gladden filed his present Complaint on February 6, 2019, reasserting his excessive force claim.

Oberholzer argues that Gladden's excessive-force claim is now presumptively time-barred because "more than two years" passed when Gladden's claim was *not* subject to a statutory tolling provision. Def.'s Br. in Supp. 3 n.1; *see also* Def.'s Reply Br. in Supp. 1–2. I agree.

Gladden's two-year limitations period started on July 29, 2015, and, absent tolling or an exception, expired on July 29, 2017. *See* Va. Code § 8.01-243(A). Thus, the fact that *this* civil action—filed on February 6, 2019—is time-barred clearly appears on the face of the complaint.

7

*See Ott v. Md. Dep't of Public Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018). Gladden's limitations period was stopped twice during that initial time. One day after Gladden's cause of action accrued, it was tolled when the Commonwealth initiated "a criminal prosecution arising out of the same facts" as Gladden's excessive-force claim against Oberholzer. Va. Code § 8.01-229(K). That prosecution stopped the clock from July 30 to September 10, 2015. *See id.* The state trial court's *nolle prosequi* order entered on September 10 restarted the clock where it left off. It ran for about thirteen months until early November 2016, when Gladden filed his first § 1983 lawsuit. *See id.* § 8.01-229(E)(1). This Court's dismissal without prejudice in *Gladden I*, on January 5, 2018, restarted the clock again where it left off—giving Gladden about eleven months to refile his excessive-force claim. He filed this lawsuit thirteen months later, in February 2019. *See* Compl. 1; Pl.'s Br. in Opp'n 2–3. Clearly, then, Gladden did not bring this civil action "within the remaining [limitations] period." Va. Code § 8.01-229(E)(1), (K). He filed it two months too late.

Thus, Gladden's excessive-force claim can survive only if state or federal equitable principles apply in this case. *Battle*, 912 F.3d at 713. "Under Virginia law, equitable estoppel provides the only arguable exception to the Commonwealth's general rule against recognizing any non-statutory basis for tolling" or excusing limitations. *Id.* at 714 (brackets and internal quotation marks omitted); *see also Casey v. Merck & Co.*, 722 S.E.2d 842, 845 (Va. 2012) ("A statute of limitations may not be tolled, or an exception applied, in the absence of a clear statutory enactment to such effect."). To rely on equitable estoppel, the plaintiff must prove that he "'was misled to his injury' by the defendant in a way that prevented timely filing." *Battle*, 912 F.3d at 714 (quoting *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 266 S.E.2d 887, 890 (Va. 1980)). Gladden does not allege that Oberholzer did anything to "mislead

[him] as to his injury" or the applicable limitations period. *Id.*; *see generally* Pl.'s Br. in Opp'n 1–3.

Under federal law, discretionary equitable tolling may be used to save a time-barred claim from dismissal. *See Ott*, 909 F.3d at 658, 660–61. Courts "apply the doctrine infrequently, so that individualized hardship and subjective notions of fair accommodation do not supplant the rules of clearly drafted [limitations] statues." *Id.* at 661 (quotation marks omitted); *see Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980) ("Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system."). "In other words, equitable tolling must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Ott*, 909 F.3d at 661 (internal quotation marks omitted).

This is not one of those cases. Indeed, Gladden does not explain why it took him thirteen months to refile his excessive-force claim after *Gladden I* was dismissed without prejudice in January 2018. He had eleven months left on the two-year clock at that point. Although Gladden contends that he refiled his complaint "as instructed by this Court," Pl.'s Br. in Opp'n 2, nothing in the Court's dismissal order or memorandum opinion suggests that, assuming Gladden chose to file a new § 1983 action and pay any required filing fee, his excessive-force claim against Oberholzer could go forward *even if refiled outside* the limitations period. *See Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("[D]ismissal without prejudice [is] a dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.") (internal quotation marks omitted); *Jackson v. Hill*, No. 1:09cv253, 2009 WL 1033813, at *1 (M.D.N.C. Apr. 15, 2009) (pro se plaintiff's first § 1983 action was "dismissed without

prejudice to [him] refiling a complaint which corrected noted defects," but his refiled complaint, raising identical claims against the defendants, was dismissed as time-barred).

Even accepting that Gladden misinterpreted the Court's prior order or Virginia law, *see* Pl.'s Br. in Opp'n 2–3, his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control," *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). "Ignorance of the law [also] does not justify tolling, even when a party does not have legal representation." *Ott*, 909 F.3d at 661. In short, Gladden could have refiled his excessive-force claim on time; he simply neglected to do so. Although the Court recognizes Gladden's frustration with the result required by the statute of limitations, it is not unconscionable to enforce the limitation period against him in this case. *See Ott*, 909 F.3d at 661; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))). Accordingly, no equitable principle excuses Gladden's untimely filing; thus, his claim is time barred.

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that Defendant's Motion to Dismiss, ECF No. 12, be **GRANTED** and that the action be **DISMISSED with prejudice** because Gladden's "complaint is irretrievably time-barred." *Henderson v. Anne Arundel Cty. Bd. of Educ.*, 54 F. Supp. 2d 481, 482 (D. Md. 1998); *see Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 707 (E.D. Va. 2017).

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such

proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send copies of this Report and Recommendation to the parties.

ENTER: June 20, 2019

Joel C. Hoppe
U.S. Magistrate Judge