CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 12 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JAMAR ANTWAUN GLADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-00009 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. A. OBERHOLZER, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court on Plaintiff Jamar Gladden's ("Plaintiff") objection to the Report and Recommendation ("R&R") filed by Magistrate Judge Joel Hoppe, in which he recommended I grant Defendant R. A. Oberholzer's ("Defendant") Motion to Dismiss. For the reasons stated herein, Plaintiff's objection will be overruled, the R&R will be adopted, and Defendant's Motion to Dismiss will be granted with prejudice.

I.   **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

According to Plaintiff's Complaint and Statement of More Definite Facts [ECF Nos. 2 & 11], Defendant, who is presumably an officer with the Charlottesville Police Department, stopped Plaintiff in Charlottesville on July 29, 2015. During the traffic stop, Plaintiff alleges Defendant "grabbed [him] around the neck with his forearm in a 'choke hold' fashion, never attempting to grab [Plaintiff's] wrist or hands to arrest or detain [Plaintiff]. While arm was (Ofc. R.A. Oberholzer's arm) [*sic*] around [Plaintiff's] neck, Ofc. R. A. Oberholzer used his body weight to throw [Plaintiff] to the ground, with his stomach on [Plaintiff's] back, he continued to

---

[1] The facts are taken from Plaintiff's Complaint [ECF No. 2]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

choke [Plaintiff]. Ofc. R. A. Oberholzer and 'John Doe' Detectives kicked, punched and struck [Plaintiff] while being choked & after being choked by R. A. Oberholzer." [ECF No. 11.]

On July 30, 2015, Defendant secured arrest warrants for Plaintiff, charging him with driving on a suspended license, see Va. Code Ann. § 46.2-301, and obstruction of a law enforcement office, see id. § 18.2-460. On September 10, those charges were dismissed on the prosecution's motion for *nolle prosequi*. (Commonwealth v. Gladden, No. GT15-4963 (Charlottesville Gen. Dist. Ct.); Commonwelth v. Gladden, No. GT15-4964 (Charlottesville Gen. Dist. Ct.)).[2]

Plaintiff initially filed suit in this court against Defendant and others on November 7, 2016, while Plaintiff was incarcerated on other charges. See Gladden v. Charlottesville VA Police Dep't, et al., 7:16-cv-00519 (W.D. Va. 2016) ("Gladden I"). That case was dismissed without prejudice on January 5, 2018, due to Plaintiff's failure to pay the filing fee as instructed. (Mem. Op., Gladden I, Jan. 5, 2018 [ECF No. 54].)

Plaintiff filed the present suit on February 6, 2019, alleging a single count of excessive force under 42 U.S.C. § 1983.[3] [ECF No. 2.] On April 5, Defendant filed a Motion to Dismiss, pursuant to Fed. R. Civ. P 12(b)(6), arguing that Plaintiff's claim is barred by the two-year statute of limitations applicable to actions under 42 U.S.C. § 1983. The motion was fully briefed by the parties and referred to a magistrate judge for recommendation. See Fed. R. Civ. P. 72(b). Magistrate Judge Joel C. Hoppe filed his Report and Recommendation on June 20, 2019,

---

[2] Court records for these two cases were provided by Defendant in his rebuttal brief. [ECF No. 21.] Although not a part of Plaintiff's pleadings, I may nevertheless take judicial notice of the records of Plaintiff's prior proceedings. See Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986).

[3] Judge Hoppe concluded that Plaintiff's *pro se* Complaint, which consisted of the Complaint and Plaintiff's response to Defendant's Motion for a More Definite Statement, was alleging a single count of excessive force. (R&R pg. 3 n.2 [ECF No. 25].) No party disputes that conclusion, and I interpret Plaintiff's submissions the same as the magistrate judge.

recommending that I grant Defendant's Motion to Dismiss. (R&R, June 20, 2019 [ECF No. 25].) Plaintiff filed a timely objection to the R&R [ECF No. 26], making this matter ripe for disposition.[4]

## II.     STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III.    DISCUSSSION

Under Fed. R. Civ. P. 72(b)(3), I review *de novo* those portions of the R&R to which proper objections have been made, and review the remainder of the R&R for clear error.

---

[4] I ordered additional briefing on a factual issue not raised by either party. Those submissions have been reviewed and considered as well. Because the only evidence that was reviewed were court records, and because the court may take judicial notice of court records without converting a motion to dismiss to a motion for summary judgment, see Phillips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the records may properly be considered at this stage.

Plaintiff's only objection is that the magistrate judge incorrectly computed the time that had elapsed—and thus was chargeable under the statute of limitations—between his injury and filing date.

Section 1983 of Title 42 of the United States Code is the statutory provision that provides a civil remedy to vindicate one's constitutional rights. That section gives private individuals a right of action against persons who, acting under color of law, deprive a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2019). Although § 1983 does not set forth a statute of limitations, it is well-settled that "[t]he statute of limitations for a § 1983 claim is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66–67 (4th Cir. 2015) (citing Wilson v. Garcia, 471 U.S. 261, 275–80 (1985)). Virginia has a two-year statute of limitations for personal-injury actions, see Va. Code Ann. § 8.01-243(A) (Cumm. Supp. 2019), which applies in § 1983 actions, see Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). In addition to state statutes of limitations, state tolling statutes are applied to § 1983 actions as well. See Bd. of Regents v. Tomanio, 446 U.S. 478, 484–85 (1980).

Plaintiff's claim is barred by the applicable two-year statute of limitations. "Generally speaking, a federal claim 'accrues when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred,' and therefore [the court] 'typically determine[s] the accrual of a § 1983 action by looking to the event that should have alerted the typical lay person to protect his or her rights.'" Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 404–05 (4th Cir. 2014) (quoting D'Ambrosio v. Marino, 747 F.3d 378,

384 (6th Cir. 2014)). Stated another way, a claim under § 1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Mc. House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Here, Plaintiff asserts his injury arose on July 29, 2015. The statute of limitations commenced on that day, but was tolled from July 30, 2015, when Defendant filed charges against Plaintiff, starting a criminal prosecution that arose "out of the same facts" as Plaintiff's § 1983 claim. See Va. Code Ann. § 8.01-229(K) (2019). Those charges were dismissed on September 10, 2015, meaning the statute of limitations began to run again on that date. The limitations period was tolled a second time when Plaintiff filed his first suit over this stop and the alleged constitutional violations on November 4, 2016 (Gladden I). From September 10, 2015, until November 4, 2016, 421 days elapsed.

Gladden I was dismissed without prejudice on January 5, 2018, which restarted the limitations clock. When Plaintiff filed this suit on February 6, 2019, an additional 397 days had elapsed. In total, at the time Plaintiff filed the present action, 818 days had elapsed. The two-year statute of limitations gave Plaintiff 730 days to institute his action. Because he waited too long (eighty-eight days too long, to be exact), his claim is barred.

Plaintiff argues that his criminal case was disposed of at sentencing on January 21, 2016, not September 5, 2015. But the charges to which Plaintiff refers were not charges that arose from his encounter with Defendant. According to the records he produced with his objection, those charges were nonviolent felon in possession of a gun, which occurred on July 29, 2015, and distribution of cocaine, which occurred on June 10, 2015. While his charge of being a felon in possession of a firearm arose on the same date as his encounter with Defendant, nothing in the

pleadings or additional evidence submitted at the court's request suggest, let alone confirm, that charge arose from his encounter with Defendant. Rather, the records Plaintiff produced shows that he was arrested on that charge by Officer Hickey, and the arrest warrant was procured by Det. J. Seitz. (See Obj. pgs. 10–11 [ECF No. 26].) As neither is named in the pleadings as one of the officers involved in Plaintiff's encounter with Defendant, I have no basis to conclude that charge arose "out of the same facts" as his claim against Defendant.[5] See Va. Code Ann. § 8.01-229(K) (tolling a statute of limitations "if a criminal prosecution arising out of the same facts is commenced . . . until the date of the final judgment or order in the trial court"). Accordingly, Plaintiff's complaint is time-barred, and Plaintiff's complaint will be dismissed.

IV. **CONCLUSION**

Because Plaintiff's Complaint was filed outside the applicable statute of limitations, his action is barre, and his objection will be overruled. I have reviewed the remainder of the R&R for clear error and, finding none, will adopt the R&R in its entirety.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all parties and Judge Hoppe.

**ENTERED** this 12th day of December, 2019.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Submissions indicate the firearm charge arose following the execution of a search warrant on Plaintiff's home—an event wholly unrelated to his interaction with Defendant.